In the Matter of JULIUS RESNICK, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

Third Department, July 1, 1969.

*Shapiro & Alter (Stanley Alter of counsel), for appellant.*

*Louis J. Lefkowitz, Attorney-General (Samuel A. Hirshowitz, Samuel Stern and Irving Jorrisch of counsel), for respondent.*

HERLIHY, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board which determined that benefit payments should be charged to the employer's account.

During the New York City subway strike of 1966 the employer-appellant Resnick kept its manufacturing business open at all times. However, several employees did not report to work and, after the Governor waived the four-day waiting period pursuant to section 590 of the Labor Law, they applied for and received unemployment insurance benefits. There was no question raised as to the propriety of those benefits and the sole question on this appeal is whether the payments ought to be charged to the employer (thereby raising its future contribution rate) or be absorbed by the general fund (in which case the employer's contribution rate would be unaffected).

The Industrial Commissioner made an initial determination that the benefits were properly paid and, therefore, chargeable to the employer. The Referee reversed, holding that the equities in the case supported Resnick's contention that it not be charged and that the statutory scheme permitted the charging of the benefits to the general fund. The board reinstated the determination of the Commissioner, holding that there is no statutory authority for deleting charges against the employer's account once it appears that a claimant is entitled to receive the benefits upon which the charge is based.

The appellant contends that if it were not for the proclamation of the Governor as to an emergency, the benefits would not have been paid where the unemployment and emergency were lack of transportation. The appellant does not contest the constitutionality of the waiver of the waiting period which results in the event of a proclamation.

The board found as a matter of law (statute) that benefit payments which are properly paid must be debited to the employer's account.

The appellant recognizes that paragraph (e) of subdivision 1 of section 581 of the Labor Law generally requires that benefit payments properly paid be charged to its account but contends that subdivision 1 (par. [b], subpar. [4]) of section 577 contemplates that charges such as these, incurred through no fault of the employer, are to be debited to the general account as moneys "paid to claimants which should not have been charged or are not chargeable to any employer's account". That section relates, however, to the adjustment of charges made to an employer's account for benefits mistakenly paid an undeserving claimant or to cases involving benefits paid claimants whose employment in the base period is less than the duration of the benefit (see Report of the Joint Legis. Committee on Unemployment Insurance, N. Y. Legis. Doc., 1951, No. 79, p. 96). As the benefits under the emergency as declared by the Governor were properly paid (see Labor Law, § 590, subd. 9), and are not within the limited exception provided by section 577, the appellant's account was properly charged.

The appellant further claims that the claimant is ineligible for benefits where the only reason for unemployment is lack of transportation. This contention and the case cited in its brief are inapplicable under the present circumstances.

The employer strenuously urges that the transit strike and resulting unemployment was a community problem for which it was in no wise responsible and, therefore, that the charges are inequitable and contrary to the general purpose of an experience rating system. That the Legislature is aware of possible "inequitable" and "unfair" results is a matter of public record. (See Report of the Joint Legis. Committee on Unemployment Insurance: Minority Report, N. Y. Legis. Doc., 1951, No. 81, p. 6.) Bills have been repeatedly introduced in the Legislature as late as 1969 to amend section 581 (see Assembly Bill No. 6074), but they were not enacted into law. While the said bills did not directly affect the present situation, they demonstrate an awareness on the part of the Legislature

of the general problems in administering this social legislation. The decision should be affirmed, without costs.

GIBSON, P. J., REYNOLDS, COOKE and GREENBLOTT, JJ., concur.

Decision affirmed, without costs.